JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JENNIFER TINI
3232 S. JUNIPER ST.

**(b)** County of Residence of First Listed Plaintiff: PHILA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number): 610-527-3648
THADDEUS J. BARTKOWSKI
307 CLAIREMONT RD, VILLANOVA PA

## DEFENDANTS
CITY OF PHILA; P/Os C. ROCKS and J. KELLY

County of Residence of First Listed Defendant: CITY OF PHILA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): SUZANNE REILLY, SR ATT'Y LAW DEPT, 1515 ARCH ST PHILA PA 19102-1595; 215-683-5391

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
PER PLAINTIFF'S COMPLAINT - 42 U.S.C. § 1983
Brief description of cause:
PLAINTIFF ALLEGES CITY AND P/Os DEPRIVED HER CONSTI'L RTS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 50,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 7-8-08
SIGNATURE OF ATTORNEY OF RECORD: (SUZANNE REILLY)

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3232 S. Juniper Street, Phila., PA 19148

Address of Defendant: City of Philadelphia Law Department, 14th Floor, 1515 Arch St., Phila., PA 19102-1595

Place of Accident, incident or Transaction: as alleged by plaintiff, City of Philadelphia

Does this case involve multidistrict litigation possibilities?   Yes ☐   No **X**

RELATED CASE IF ANY    None

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☐

CIVIL: (Place **X** in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. θ  Indemity Contract. Marine Contract, and All Other Contracts
2. θ  FELA
3. θ  Jones Act – Personal Injury
4. θ  Antitrust
5. θ  Patent
6. θ  Labor-Management Relations
7. **X**  Civil Rights
8. θ  Habeas Corpus
9. θ  Securities Act(s) Cases
10. θ  Social Security Review Cases
11. θ  All Other Federal Questions Cases (please specify)

B. *Diversity Jurisdiction Cases:*
1. θ  Insurance Contract and Other Contracts
2. θ  Airplane Personal Injury
3. θ  Assault, Defamation
4. θ  Marine Personal Injury
5. θ  Motor Vehicle Personal Injury
6. θ  Other Personal Injury (Please specify)
7. θ  Products Liability
8. θ  Products Liability – Asbestos
9. θ  All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate category)

I, Suzanne Reilly, counsel of record for the City of Philadelphia, do hereby certify:

   X   Pursuant to Local Rule 53.2, § 3A, claims alleging violation of rights secured by the U.S. Constitution are excluded from arbitration.

DATE:  7/8/08       _____       24926
                       Attorney-at-Law              Attorney I.D.

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE:  7/8/08                                       24926
                       Attorney-at-Law              Attorney I.D.

CIV.609

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | |
|---|---|
| JENNIFER TINI,<br>3232 S. Juniper St.,<br>Phila., PA 19148,            Plaintiff, | : <br> : |
| vs. | : |
| CITY OF PHILADELPHIA,<br>14th Floor, 1515 Arch St.,<br>Phila., PA 19102-1595;<br>P/O CHRISTINE ROCKS, # 2824 and<br>P/O JAMES KELLY, # 2296,<br>4th Police District, 1300 S. 11th St.,<br>Phila., PA 19148,            Defendants. | : C. A. No.<br>:<br>:<br>: |

## *NOTICE OF FILING REMOVAL*

To      Prothonotary, Court of Common Pleas            Thaddeus J. Bartkowski, Esq.
        Room 295, City Hall                             307 Clairemount Rd.
        Phila., PA 19107                                Villanova., PA 19085

Please take notice that on July 9, 2008, defendant City of Philadelphia filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a notice of removal of the above-captioned case to the U.S. District Court.

A copy of the notice of removal is also being filed with the Prothonotary of the Philadelphia County Court of Common Pleas pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

SUZANNE REILLY, Senior Attorney
City of Philadelphia Law Department
14th Floor, 1515 Arch Street
Phila., PA 19102-1595

215-683-5391
*215-683-5397*

suzanne.reilly@phila.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER TINI,            Plaintiff, | : |
| vs. | : |
| CITY OF PHILADELPHIA,<br>P/O CHRISTINE ROCKS, # 2824 and<br>P/O JAMES KELLY, # 2296,<br>                        Defendants. | : |

### *NOTICE OF REMOVAL*

To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:

Petitioners, defendants City of Philadelphia and P/Os Rocks and Kelly in the above-captioned civil action, by their undersigned attorney, respectfully place the Court on notice of the removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania and in support avers the following:

1.      Petitioners are defendants in this civil action brought by plaintiff and served upon defendants on June 27, 2008.

2.      Attached to this notice as exhibit A is a copy of plaintiff's complaint, which is being removed to federal court under the provisions of 28 U.S.C. §§ 1441 and 1443.

3.      Plaintiff's complaint alleges generally, *inter alia*, that the defendants violated her constitutional rights. The plaintiff's complaint claims that the defendants violated her civil rights under the fifth and fourteenth amendments to the U.S. Constitution. *See exhibit A*, ¶¶ *13* and *17*. Federal jurisdiction therefore exists under 42 U.S.C. § 1983.

*WHEREFORE*, petitioners place the Court on notice that the instant matter, presently docketed at March Term 2008, No. 4048, has been removed from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

*[signature]*

SUZANNE REILLY, Senior Attorney
Attorney ID 24926
City of Philadelphia Law Department
14th Floor, 1515 Arch Street
Phila., PA 19102-1595

215-683-5391
*215-683-5397*

suzanne.reilly@phila.gov

Date:

## CERTIFICATE OF SERVICE

I, Suzanne Reilly, counsel for defendant City of Philadelphia, certify that on July 9, 2008, a copy of the foregoing notice of removal of civil action from state court to the United States District Court was served upon counsel for plaintiff, listed below, by first-class mail, postage prepaid.

>Thaddeus J. Bartkowski, Esq.
>PA Attorney ID 18333
>307 Clairemont Road
>Villanova, PA 19085

/s/

SUZANNE REILLY, Senior Attorney
PA Attorney ID 24926
City of Philadelphia Law Department
14th Floor, 1515 Arch Street
Phila., PA 19102-1595

215-683-5391
*215-683-5397*

suzanne.reilly@phila.gov

*EXHIBIT A*

| | |
|---|---|
| Thaddeus J. Bartkowki, Esq.<br>307 Clairemont Rd.<br>Villanova, PA 19085<br>Attorney I.D. 18333<br>610-527-3648 | Attorney for Plaintiff |

| | |
|---|---|
| JENNIFER TINI<br>3232 S. Juniper St.<br>Philadelphia, PA 19148 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v | |
| CITY OF PHILADELPHIA<br>1501 Arch St.<br>Philadelphia, PA 19103 | |
| and | |
| OFFICER CHRISTINE ROCKS<br>Badge No. 2824 4TH District<br>And<br>OFFICER JAMES KELLY<br>Badge No. 2296 4th District<br>1300 S. 11th St.<br>Philadelphia, PA | March Term 2008<br><br>No. 4048 |

## COMPLAINT

1. Plaintiff and Defendants Rocks and Kelly are individuals. Plaintiff resides at the above address. Defendants Rocks and Kelly are employed by the City of Philadelphia at the aforementioned address.

2. Defendant City of Philadelphia is a Municipal Corporation with the address of its Law Department and other administrative offices at the above address

3. At all times Defendants Rocks and Kelly were acting as the agents, servants,

and employees of the City, within the course and scope of their employment. Defendants Rocks and Kelly were also acting under color of law as police officers.

4. On March 26, 2007 the plaintiff was operating her motor vehicle in the City of Philadelphia, north on 11th Street at Mifflin Street. After passing through the intersection, the plaintiff was signaled over by Rocks. At that time Rocks requested the plaintiff to produce a driver's license, registration, and proof of insurance. The plaintiff complied.

5. While the plaintiff was stopped, Kelly observed prescription medicine belonging to the plaintiff on the front seat of plaintiff's auto.

6. The plaintiff explained that the medicine was obtained to treat the pain from a recent wisdom tooth extraction.

7. Notwithstanding the facts, the defendants ordered the plaintiff from the auto and handcuffed the plaintiff.

8. The plaintiff was then placed up against the auto where she was frisked and again further detained.

9. After a period of time, the plaintiff was then placed into the back seat of the police car, still handcuffed. Plaintiff was then further detained in the police car.

10. At all times the defendants placed their hands on the plaintiff including frisking the plaintiff before she was handcuffed.

11. After being detained in full view of plaintiff's students, co-workers, principal,

neighbors, and the passing public, the plaintiff was freed of the handcuffs and permitted to drive from the scene.

12. During the detention, the police on the scene including the defendants searched plaintiff's purse, auto, and person.

13. The aforementioned detention, handcuffing, frisking, and touching was without cause or justification according the 42 U.S.C. Sec. 1983, the Fifth Amendment of the Constitution of the United States, the statutes of Pennsylvania, the ordinances of the City of Philadelphia, the directives and manual of the Philadelphia Police Department, and the common law of the courts of the Commonwealth of Pennsylvania.

14. As a result the plaintiff sustained emotional distress, embarrassment, humiliation, indignity to her person, defamation to her character by conduct, a shock to her nerves and nervous system, damage to her ability to earn income as a school teacher both in Philadelphia and outside Philadelphia.

## COUNT I

15. Plaintiff incorporates the aforementioned paragraphs.

16. The conduct of the defendants was malicious, reckless, arrogant, abrupt, intentional, and done with the intention of causing the detention, touching, frisking, and handcuffing, and with the intention of causing the plaintiff to suffer emotionally, and to suffer embarrassment and public ridicule.

17. As result plaintiff's Constitutional rights pursuant to the 5th and 14th Amendments, and 42 U.S.C. Sec. 1983 were violated.

18. As a result, plaintiff is entitled to compensatory damages.

## COUNT II

19. Plaintiff incorporates the aforementioned paragraphs.

20. The aforementioned conduct also constituted false arrest, false imprisonment, assault, battery, the intentional infliction of emotional distress, and invasion of privacy pursuant to the common law and the Restatement of Torts 2d adopted by courts of the Commonwealth of Pennsylvania.

## COUNT III

21. Plaintiff incorporates the aforementioned paragraphs.

22. It is believed and therefore averred that the defendants violated the ordinances of the City of Philadelphia, and the directives and manual of the Philadelphia Police Department. Accordingly such conduct was done with the knowledge and intention of violating such ordinances, directives, and manual.

23. In the alternative, the defendants acted with negligence in not knowing such ordinances, directives, and manual causing the aforementioned harm to the plaintiff.

## COUNT IV

24. Plaintiff incorporates the aforementioned paragraphs.

25. Defendants' conduct was intentional and malicious, and constituted slander, slander per se, being defamatory in nature.

26. As a result, defendant suffered damage to her reputation, damage per se, indignity to the person, and impaired ability to earn income as a school teacher in the City of Philadelphia and outside the City of Philadelphia.

## COUNT V

27. Plaintiff incorporates the aforementioned paragraphs.

28. Defendant City of Philadelphia is vicariously liable pursuant to the aforementioned allegations.

29. Furthermore, it is believed and therefore averred that the City of Philadelphia knew or should have known that the individual defendant police officers were a threat to act outside the law consistent with the facts in this matter. Notwithstanding, the City of Philadelphia allowed the individual defendant police officers to be employed as police officers.

30. Furthermore, it is believed and therefore averred that the City of Philadelphia knew or should have known that the individual officers were not reasonably or adequately trained, educated, or experienced in order to determine when and when not to detain a motorist and/or a member of the traveling public in possession of

prescription drugs thereby causing plaintiff's harm.

31. Furthermore, it is believed and therefore averred that the City of Philadelphia neglected to train, educate, or otherwise properly prepare the individual defendants for the aforementioned circumstances, both while at the Police Academy and after having been sworn in as police officers.

32. As a result, the City of Philadelphia is both directly and vicariously liable.

## COUNT VI

33. Plaintiff incorporates the aforementioned paragraphs.

34. As a result of the harm suffered, plaintiff demands compensatory damages against all defendants.

## COUNT VII

35. Plaintiff incorporates the aforementioned paragraphs.

35. The conduct of the individual defendants was done with malice, recklessness and with such a callous disregard of the rights of the plaintiff, that the plaintiff requests the imposition of punitive damages against the individual defendants.

WHEREFORE, plaintiff hereby demands judgment against the defendants in an amount not to exceed fifty thousand dollars ($50,000.00).

Respectfully submitted,

_____
Thaddeus J. Bartkowski

## VERIFICATION

I, Thaddeus J. Bartkowski, Esq., as counsel for the Plaintiff, do hereby verify that the facts contained herein are true and correct to the best of my knowledge, information and belief with knowledge of the facts contained herein. The undersigned understand that the statements herein are made subject to the penalties of 18 Pa. C. S. A. Sec. 4904 relating to unsworn falsification to authorities.

_____
Thaddeus J. Bartkowski