IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Jennifer Tini,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **Christine Rocks,** | : | |
| | : | |
| **Defendant.** | : | NO. 08-3207 |

## MEMORANDUM AND OPINION

L. FELIPE RESTREPO                                                                                     JULY 1, 2009
UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for a New Trial (Doc. No. 25) and Defendant's response thereto (Doc. No. 29). For the reasons set forth below, Plaintiff's Motion will be dismissed for failure to prosecute.

### 1. BACKGROUND

Plaintiff filed this action in state court alleging violations of 42 U.S.C. § 1983 for false arrest and false imprisonment and various tort claims under state law, after which the Defendant removed the case to federal court on July 9, 2008. See Compl. and Notice of Removal dated 7/9/08 (Doc. No. 1). The parties consented to proceed in front of the undersigned pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73; and on February 12, 2009, the Honorable Thomas N. O'Neill, Jr. signed an order referring the case to this Court. See Consent and Order dated 2/12/09 (Doc. No. 6). A trial was held which lasted from May 6 to May 8, 2009. On May 6, 2009, on the morning of the first day of trial, Plaintiff filed a Motion *in limine* to

preclude Defendant from testifying (1) that Plaintiff had glazed eyes when her vehicle was pulled over by Defendant; (2) that the glazed eyes were evidence that Plaintiff was under the influence of vicodin; and (3) that glazed eyes are generally a resulting physical effect of vicodin impairment.[1]  See Pl.'s Mot. *in limine* dated 5/6/09 ¶¶ 1-7 (Doc. No. 18).  This Court granted the Motion in part and denied it in part both verbally and by Order.  See Order dated 5/8/09 (Doc. No. 21).

On May 8, 2009, a jury rendered a verdict in favor of the Defendant on all counts.  See Verdict Sheet dated 5/8/09 (Doc. No. 20).  Judgment was entered to that effect on May 8, 2009.  See Judgment dated 5/8/09 (Doc. No. 22).  On May 18, 2009, Plaintiff filed what is labeled on the docket as a Motion for a New Trial, but the actual document is merely a re-filing of the aforementioned Motion *in limine*.  See Pl.'s Mot. ¶¶ 1-7.  Defendant has responded to Plaintiff's Motion, arguing that because Plaintiff's Motion "does not put forth any reasons or arguments in support of her desire for a new trial," she "has failed to timely file a motion for a new trial under Fed. R. Civ. P. 59(b)."  See Def.'s Resp. Br. 2 (Doc. No. 29).

## 2. Discussion

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, the district court may grant a new trial in a case which was tried by jury "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  A timely motion

---

[1] The Court notes that Plaintiff's Motion *in limine* was untimely filed since this Court's prior scheduling order dated March 23, 2009 directed the parties to file such motions no later than April 3, 2009.  See Order dated 3/23/09 ¶ 4 (Doc. No. 9).  Despite the fact that Plaintiff's Motion was filed over a month past the deadline, the Court exercised its discretion to consider the merits of the Motion.

for a new trial "must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(b). "The decision to grant a new trial lies entirely within this Court's discretion." Barbee v. SEPTA, 2007 U.S. Dist. LEXIS 7183, at *5 (E.D. Pa. Feb. 1, 2007) (citing U.S. v. Schiffer, 836 F. Supp. 1164, 1169 (E.D. Pa. 1993)), aff'd, 2009 U.S. App. LEXIS 7286 (3d Cir. Apr. 2, 2009). The trial court possesses "broad discretion in deciding on a motion for a new trial" where the basis for the motion is an argument concerning the trial court's "evidentiary rulings." Barbee, 2007 U.S. Dist. LEXIS 7183, at *5 (citing Klein v. Hollings, 992 F.2d 1285, 1290-91 (3d Cir. 1993)). Indeed, a motion for a new trial alleging trial court error in its evidentiary rulings is "subject to the harmless error standard of Federal Rule of Civil Procedure 61," which states, in pertinent part, that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Agere Sys., Inc. v. Atmel Corp., 2005 U.S. Dist. LEXIS 18563, at *17-18 (E.D. Pa. Aug. 17, 2005) (quoting Fed. R. Civ. P. 61); see Agere, 2005 U.S. Dist. LEXIS 18563, at *18 (citing Becker v. ARCO Chem. Co., 207 F.3d 176, 180 (3d Cir. 2000)); see also Winters v. Marina Dist. Dev. Co., LLC, 2009 U.S. App. LEXIS 5703, at *5-6 (3d Cir. Mar. 18, 2009) (non-precedential) (citations omitted).

Additionally, Rule 7.1(e) of the Local Rules of Civil Procedure requires that "[w]ithin fourteen (14) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by writing delivered to the Court Reporter Supervisor, or (b) file a verified motion showing good cause to be excused from this requirement." E.D. Pa. R. Civ. P. 7.1(e). Where a movant fails to satisfy one of these two requirements, "the post-trial motion may be dismissed for lack of prosecution." Id. "A number of courts in this District have recognized that post trial motions are subject to dismissal for failure to order a trial transcript based on [Local Rule

7.1(e)]." Graves v. Women's Christian Alliance, 2003 U.S. Dist. LEXIS 12154, at *5-7 (E.D. Pa. July 3, 2003) (collecting cases); see also Victory Outreach Ctr. v. Melso, 281 Fed. Appx. 136, 139 (3d Cir. 2008) (non-precedential) (citations omitted) (finding that "the [d]istrict [c]ourt properly dismissed [a] motion for a new trial for lack of prosecution pursuant to Local Rule 7.1(e)").

In the present case, the docket reflects that almost a month and a half has passed since Plaintiff filed her Motion for a New Trial, and to date, no transcript has been ordered and no motion has been filed seeking excuse from this obligation. See Barbee, 2007 U.S. Dist. LEXIS 7183, at *7. Plaintiff is now well beyond the fourteen day period within which she must comply with these obligations in order to properly prosecute her Motion. See E.D. Pa. R. Civ. P. 7.1(e). In Barbee, after noting that the plaintiff failed to comply with the mandates of Local Rule 7.1(e), the district court declined to exercise its discretion to order a trial transcript because plaintiff was found not credible at trial by a jury, had a history of being excessively litigious, and because the court apparently did not accept his reasons why he had good cause to be excused from paying for a trial transcript. Barbee, 2007 U.S. Dist. LEXIS 7183, at *6-7, *7 n. 1.

In this case, Plaintiff does not have a history of being excessively litigious. However, Plaintiff has not shown good cause for the Court to excuse her from paying for a trial transcript. Therefore, her failure to either order a transcript or file a motion seeking relief from her obligation to do so requires that her Motion for a New Trial be dismissed for failure to prosecute. The Court sees no reason to exercise its discretion to order the trial transcript, especially in light of the fact that the Motion has no merit. The Motion is arguably deficient under Local Rule 7.1(c), which requires that "Every motion not certified as uncontested, or not governed by Local

Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." See E.D. Pa. R. Civ. P. 7.1(c). As noted above, Plaintiff's Motion for a New Trial is merely a re-filing of her previous Motion *in limine*. Plaintiff did not even amend the title of the Motion to indicate that it is a motion for a new trial. See Pl.'s Mot. 1. The only place where the words "new trial" appear is in the entry of the Motion on the docket. As such, the Motion fails to set forth any allegations or legal basis which would indicate why Plaintiff is entitled to a new trial. Therefore, the Motion and accompanying Memorandum of Law are arguably deficient under Local Rule 7.1(c). See E.D. Pa. R. Civ. P. 7.1(c).

Because of these deficiencies, the Court is left to speculate as to the grounds upon which Plaintiff argues she is entitled to a new trial. To the extent that Plaintiff is alleging that the Court erred in its previous evidentiary ruling, Plaintiff's Motion must fail.[2] As noted above, the Court has broad discretion in deciding a Motion for a New Trial on the basis of an allegedly erroneous evidentiary ruling, and a new trial will not be granted absent a finding that the substantial rights of the parties were affected by the ruling. Agere, 2005 U.S. Dist. LEXIS 18563, at *17-18 (quoting Fed. R. Civ. P. 61) (additional citations omitted). The Court stands by its previous decision and finds that even if the prior evidentiary ruling was made in error, Plaintiff's substantial rights were not affected.

Here, the Court's must rely on its own recollection of the parties' arguments, the

---

[2]Notably, another court in this District applying Local Rule 7.1(e) has found that "[a]n argument that evidence was improperly admitted or excluded at trial obliges the movant to provide a trial transcript to show the errors." Barbee, 2007 U.S. Dist. LEXIS 7183, at *8 (quoting DiSalvio v. Lower Merion Sch. Dist., 2002 U.S. Dist. LEXIS 10847, at *3 (E.D. Pa. June 17, 2002)) (additional citations omitted).

subsequent ruling, and the trial. Plaintiff moved to exclude any testimony that (1) Plaintiff's eyes were glazed when her vehicle was pulled over by Defendant; (2) that glazed eyes were evidence that Plaintiff was under the influence of vicodin; and (3) that glazed eyes are a typical physical effect of vicodin ingestion. See Pl.'s Mot. *in limine* dated 5/6/09 ¶¶ 1-7. The Court held that Defendant Police Officer Rocks was permitted to testify regarding her observations of Plaintiff and why her observations led her to pursue an investigation to determine whether Plaintiff was driving under the influence of alcohol or narcotics, based on Defendant's personal experience and training as a police officer. However, the Court granted Plaintiff's Motion *in limine* in part, finding that Defendant was not permitted to testify about the typical physical effects caused by the ingestion of vicodin because Defendant was not a medical or pharmaceutical expert. The exclusion of such testimony was required because its admission would have been contrary to the requirements of Federal Rule of Evidence 702.[3]

The Court's earlier ruling properly adhered to Federal Rule of Evidence 701, which outlines the purview of appropriate lay testimony.[4] Even if the Court's evidentiary ruling was erroneous, Plaintiff's counsel was afforded ample opportunity to cross-examine Defendant on the

---

[3] Rule 702 states, in pertinent part, that: "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

[4] Rule 701 states that a lay witness' testimony "in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

credibility and reliability of her observation that Plaintiff had glazed eyes as well as Defendant's subsequent course of conduct. Indeed, the Court recalls that Plaintiff's counsel pursued this line of questioning at great length. Therefore, even if the evidence was improperly admitted, Plaintiff's substantial rights were not affected and a new trial is not warranted.

### 3. CONCLUSION

Because Plaintiff has failed to order a trial transcript, or, in the alternative, file a motion requesting that she be relieved of that obligation, her Motion for a New Trial is dismissed for lack of prosecution pursuant to Local Rule 7.1(e). Additionally, Plaintiff's moving papers fail to identify the grounds upon which she moves for a new trial because her Motion is merely a verbatim re-filing of her previous Motion *in limine*. To the extent that Plaintiff seeks a new trial on the basis that the Court's prior evidentiary ruling was erroneous, the Court stands by its prior decision. Even if the evidence exceeded the bounds of appropriate lay testimony, Plaintiff's substantial rights were not affected and a new trial is not warranted. An appropriate order will be set forth separately.